**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6356**

LARRY CONNELL STUBBS,

        Petitioner - Appellant,

    v.

BRAD PERRITT, Superintendent,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:15-hc-02239-BO)

Submitted: April 4, 2019                                          Decided: April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Larry Connell Stubbs, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Stubbs seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on February 12, 2018. Stubbs filed his notice of appeal on March 29, 2018,[*] which was after the 30-day appeal period expired but within the 30-day excusable neglect period. On limited remand, the district court found that Stubbs failed to establish good cause or excusable neglect to justify filing the untimely notice, and thus denied his motion for an extension of the appeal period.

Because Stubbs' notice of appeal was untimely filed, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).